UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ESTRELLITA COLON,<br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>      Defendant. | C.A. No. 11-534-M |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

Estrellita Colon sought Social Security benefits alleging various mental health disabilities. After a hearing, the ALJ denied her benefits finding that the weight of the evidence did not support her claim and that she was not credible. Upon review, this Court finds no error and therefore rejects her appeal.

### I.   FACTS

Ms. Colon, age 39, who had previously worked as a nursing assistant in a nursing home and as a laborer in a factory (Tr. at 175), filed an application[1] for Supplemental Security Income alleging disability due to posttraumatic stress disorder, depression, anxiety, thyroid problems, diabetes, and substance abuse. (Tr. at 174.)

The medical evidence in the record establishes the following facts.[2] When Ms. Colon was initially evaluated on July 8, 2009, she reported a history of physical and emotional abuse by

---

[1] Ms. Colon had filed a prior application for SSI on October 28, 2008, which was denied. (Tr. at 49, 111-116.)

[2] Because Ms. Colon's grounds for seeking the Court's review are based on her mental issues, as opposed to her physical ailments, the Court will detail the facts pertinent to those grounds only.

family members. (Tr. at 285.) She also reported a family history of mental illness and substance abuse and a personal history of depression and anxiety. (*Id.*) Her symptoms included problems trusting, irritability, anxiety in crowds, panic attacks, insomnia, racing thoughts, nightmares, and paranoia. (*Id.*) She had substance abuse problems that were in early remission and she was diagnosed with PTSD. (Tr. at 290.)

As part of her disability application process, Dr. John Bernardo, a non-examining state agency physician, reviewed Ms. Colon's records and made a residual functional capacity ("RFC") assessment that she was not disabled. He found that Ms. Colon (i) could frequently lift ten pounds and occasionally lift twenty pounds; (ii) could stand or walk for about six hours during an eight hour workday; (iii) could sit for six hours in a given eight hour workday; (iv) could occasionally climb, balance, stoop, kneel, and crouch; (v) could never climb ladders; and (vi) due to her asthma, she should avoid exposure to extreme cold, heat, fumes, dusts, gases, and poor ventilation. (Tr. at 360-362, 364.)[3]

On the psychiatric side of her issues, several doctors weighed-in with their opinions. J. Stephen Clifford, PhD. reviewed Ms. Colon's record and completed a Psychiatric Review Technique. (Tr. at 368-381.) He opined that Ms. Colon has PTSD and alcohol and cocaine dependence (in remission). In his RFC, Dr. Clifford also opined that she was capable of understanding directions, accepting supervision and therefore could work in light of her irritability, though she would be best suited for a production-type role as opposed to one involving interaction with the public. (Tr. at 384.) Another non-examining physician, Dr. Joseph Litchman, confirmed Dr. Clifford's assessment. (Tr. at 412.) Dr. Robert Zielinski, after assessing Ms. Colon, found her to be cooperative, but noted that her mood showed anxiety

---

[3] Another non-examining state agency physician, Dr. Henry Laurelli, affirmed Dr. Bernardo's opinion. (Tr. at 390.)

and depression. (Tr. at 388.) He assessed her with PTSD, major depressive disorder, cocaine and alcohol abuse in early full remission, and a possible learning disorder. (*Id.*)

Ms. Colon treated with several social workers and case managers during this timeframe. She reported depression, anxiety, crying spells, and mood swings. (Tr. at 394.) The clinicians observed Ms. Colon's demeanor as alert, oriented, and cooperative. (Tr. at 395.) On a number of occasions Ruth Saraiva, a social worker at Gateway Healthcare, indicated that Ms. Colon appeared to be managing her symptoms (Tr. at 397, 401, 409) and another licensed social worker, Melissa Grisi, assessed Ms. Colon with an adjustment disorder with mixed anxiety and depression. (Tr. at 420.)

Ms. Colon's first diagnosis of Borderline Personality Disorder ("BPD") came in July of 2010. She reported depression, anxiety, and auditory hallucinations. (Tr. at 449.) Terri Belanger, MS, PCNS at Family Service of Rhode Island assessed Ms. Colon with major depressive disorder, PTSD, attention deficit hyperactivity disorder, cocaine and alcohol dependence in full remission, BPD, and diabetes. (Tr. at 455.) She observed a depressed affect despite a cooperative mood. (Tr. at 454.) Ms. Belanger had several follow-up visits with Ms. Colon in the summer of 2010, during which her assessments of Ms. Colon's conditions did not change. (Tr. at 443-48.)[4]

On November 12, 2010, Family Services again treated Ms. Colon and noted that she appeared to have taken a step back in her progress. She was not compliant with her medication, had poor hygiene and eye contact, and had a flat, depressed affect. (Tr. at 423, 427-28.) A staff member at Rhode Island Works program evaluated Ms. Colon a few days later and determined

---

[4] Ms. Colon did have an incident on August 20, 2010 where she heard voices and took additional insulin to try to stop the voices. (Tr. at 442.) Ms. Colon continued to treat with Ms. Belanger at Family Service in November and December of 2010. (Tr. at 431-35.) She also continued to report feeling depressed, paranoid, and hearing voices. (*Id.*)

3

that, despite her desire to work and progress reaching her goal, Ms. Colon was not ready for a job. (Tr. at 213-15.)

On March 2, 2011, Ms. Colon saw Dr. Neha Hudepole at Family Service. (Tr. at 530.) Upon her self-reporting, Dr. Hudepole assessed Ms. Colon with major depressive disorder, PTSD, attention deficit hyperactivity disorder, cocaine and alcohol dependence in full remission, and BPD. (*Id.*) Dr. Hudepole met with Ms. Colon on March 16, 2011 and assessed her with bipolar affective disorder with psychotic features, schitzoaffective disorder (bipolar type), cocaine and alcohol dependence in full remission, and BPD. (Tr. at 529.) Dr. Hudepole's assessment did not change on April 6, 2011, despite Ms. Colon's report that she felt angry and was having increased panic attacks around people. (Tr. at 528.)

Dr. Alvaro Olivares performed a psychological consultation on Ms. Colon at her attorney's request. (Tr. at 533-35.) He assessed Ms. Colon with PTSD, major depressive disorder (recurrent, sever, with psychotic features), panic disorder, agoraphobia, and alcohol and cocaine dependence in full remission. (Tr. at 533, 535.)

Based on this record, Ms. Colon filed for Social Security benefits. Ms. Colon's application was denied initially (Tr. at 55) and on reconsideration (Tr. at 62-64). She requested review of her case and an administrative hearing. (Tr. at 65.) On May 12, 2011, the ALJ Randy Riley held a hearing at which Ms. Colon, who was represented by counsel, and an impartial vocational expert appeared and testified. (Tr. at 32-47.) On May 24, 2011, the ALJ issued a decision finding that Ms. Colon suffered from the following severe impairments: diabetes mellitus, asthma, obesity, an anxiety disorder, a depressive disorder, and a posttraumatic stress disorder. (Tr. at 9.) While he determined that Ms. Colon could no longer perform her past occupations due to the severity of her medical condition (Tr. at 18), he found that she was not

disabled in a manner such that she was entitled to receive SSI benefits. (Tr. at 20.) The ALJ found that Ms. Colon's RFC did not preclude her from performing "work that is limited to simple, routine, repetitive tasks involving only simple work-related decisions with few if any workplace changes, no interaction with the public, and occasional interaction with co-workers but no tandem tasks." (Tr. at 12.)

The Decision Review Board originally selected Ms. Colon's claim for review.[5] (Tr. at 4.) On September 13, 2011, the Appeals Council denied Ms. Colon's request for review of the ALJ's decision. (Tr. at 1.) Upon this denial, the ALJ's decision became the Commissioner's final ruling. Ms. Colon exhausted her administrative remedies and filed a complaint (ECF No. 1) in this Court for judicial review under 42 U.S.C. § 405(g). Before the Court are Ms. Colon's Motion to Reverse, Without or, in the Alternative, With Remand for a Rehearing, the Commissioner's Final Decision (ECF No. 7) and the Commissioner's Motion for an Order Affirming the Commissioner's Decision (ECF No. 9). The Court held a hearing on the motions on December 14, 2012.

## II. APPLICABLE LAW

A district court's role in reviewing the Commissioner's decision is limited. Although questions of law are reviewed *de novo*, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g)(2000). The term "substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938).

---

[5] However, in letters dated May 22, 2011, Ms. Colon was notified that, based on rule changes, review of the claim was transferred to the Appeals Council. (Tr. 29-31.)

The determination of substantiality must be made upon an evaluation of the record as a whole. *Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). "We must uphold the Secretary's findings ... if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981). In reviewing the record, the Court must avoid reinterpreting the evidence or otherwise substituting its own judgment for that of the Secretary. *Colon v. Sec'y of Health & Human Servs.*, 877 F.2d 148, 153 (1st Cir. 1989). The resolution of conflicts in the evidence is for the Commissioner, not the courts. *Rodriguez*, 647 F.2d at 222 (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971)).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam), *accord Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. *Seavey v. Barnhart*, 276 F.3d 1, 11 (1st Cir. 2001) (citing *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)).

The ALJ must follow five well-known steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920.[6] Significantly, the claimant bears the burden of proof at steps one

---

[6] First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments, which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e).

6

through four, but the Commissioner bears the burden of proving step five, that a claimant's impairments do not prevent her from doing other work that exists in the national economy. *Wells v. Barnhart*, 267 F. Supp. 2d 138, 144 (D. Mass. 2003).

In considering whether a claimant's physical and mental impairments are severe enough to qualify for disability, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and pronounced findings when deciding whether an individual is disabled. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).

## III. ANALYSIS

Ms. Colon raises two issues that she claims support her challenge to the ALJ's RFC finding and her request for remand. First, she argues that the ALJ's determination concerning her RFC finds no support in the record because he ignored three treating health care providers, an examining psychiatrist, and a state agency determination, all which found that Ms. Colon could not work due to her severe impairments, including BPD. (ECF No. 7 at 5.) Second, Ms. Colon argues that the ALJ's finding that she was "not entirely credible" is not supported by substantial evidence. (ECF No. 7 at 14.)

### A. RFC Determination and Failure to Find Borderline Personality Disorder

The ALJ found that Ms. Colon's assessed condition of BPD was not a severe impairment. (Tr. at 9-11.) Ms. Colon cites this failure as error, arguing that her BPD was a severe impairment, and that the ALJ's decision failed to consider her BPD in his evaluation in any way.

---

Fifth, if a claimant's impairments (considering her RFC, age, education and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

(ECF No. 7 at 6, 8.) The Commissioner responds that Ms. Colon never raised her BPD during either the application or appeal process, but that he did nevertheless consider her BPD in his review of the record and in rendering his decision. (ECF No. 9 at 13.)

The Court has reviewed the record and agrees with the Commissioner. The Act makes clear that it is the claimant's burden "to make a reasonable threshold showing that the impairment is one which could conceivably keep him or her from working." *McDonald v. Sec'y of Health & Human Servs.*, 795 F.2d 1118, 1122 (1st Cir. 1986). Ms. Colon failed to assert that she was basing her application for disability benefits on a claim that she suffered from BPD. She reported that the illnesses, injuries, or conditions that limit her ability to work are PTSD, depression, anxiety, thyroid problems, diabetes, Hallucinogen Persisting Perception Disorder, and substance abuse. (Tr. at 138.) She also reported severe and chronic asthma. (Tr. at 188.) Although the doctor and social services staff raised BPD in their assessments for July, August, November, and December of 2010 and in April 2011,[7] Ms. Colon never asserted BPD as a basis for her claim in the application process. Moreover, at the hearing, Ms. Colon did not mention BPD. (Tr. at 41-42.) The ALJ's failure to find that she suffered from severe BPD was not because the ALJ overlooked substantial evidence, but rather it was because the claimant failed to assert it below. The Court finds that the ALJ did not err in its evaluation of Ms. Colon's case in this manner. *See Gray v. Heckler*, 760 F.2d 369, 374 (1st Cir. 1985)

Despite Ms. Colon's failure specifically to assert BPD as a disabling condition in her application, the Court will consider her remaining arguments in light of the ALJ's consideration of the evidence in the record about her BPD diagnosis from certain medical professional. Ms. Colon asserts error in the ALJ's finding that her mental status exams were "generally intact"

---

[7] *See, e.g.*, Dr. Neha Hudepol (Tr. at 551) and Family Service therapists (Tr. at 431, 433, 435, 439, 441, 442, 443, 445.)

or "intact," (ECF No. 7 at 11), in light of the opinions in the record from Dr. Hudepole, Dr. Olivares, nurse practitioner Catherine May, case manager Allori Meyers, and Rhode Island Works staff. The Commissioner responds by citing to other opinions, indicating that Ms. Colon's mental status was intact or generally intact. (ECF No. 9 at 14-15.) He asserts that he was well within his power to assess this evidence and to rule accordingly. A review of the record supports the Commissioner's position. The ALJ assessed the weight of the evidence – including inconsistent opinions – and came to the conclusion that Ms. Colon had intact or generally intact mental status exams. (Tr. at 16-18.) He based his conclusion on substantial evidence in the record, provided findings and analysis thereon in his decision, and therefore, because it is the Commission's job to evaluate inconsistent opinions, the Court will not overturn his decision.

Finally, Ms. Colon argues that the ALJ failed to give appropriate weight to her treating health care providers' and examining experts' opinions. (ECF No. 7 at 12-14.) The Commissioner argues that he justifiably gave limited weight in light of the conflicting evidence in the record. (ECF No. 9 at 15-17.)

As previously noted, it is not the Court's role to resolve conflicts in the evidence. *Rodriguez*, 647 F.2d at 222. The Commissioner provided ample support for his decision on weight of the evidence and demonstrated that he made proper evaluations from the record evidence. He cited to the ALJ's reliance on the fact that Dr. Olivares met with Ms. Colon only one time and that Dr. Hudepole only treated her for one month. (Tr. at 17.) He considered the conflict between Dr. Olivares', Dr. Hudepole's, Ms. May's, Ms. Meyers', and the "Rhode Island Works" staff members' opinions and Ms. Colon's own report of her activities of daily living. (Tr. at 16-17.) He indicated that Dr. Hudepole's, Ms. May's, Ms. Meyers', and the "Rhode

Island Works" staff members' opinions were also entitled to little weight because of a conflict between their opinions and Plaintiff's intact mental examinations. (Tr. at 17-18.)

Because this Court finds that the ALJ's rejection of certain treating health care providers' opinions was based on substantial evidence in the record, it will not overturn the ALJ's findings. *Ortiz*, 955 F.2d at 769; *Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 141 (1st Cir. 1987). Where the facts permit diverse inferences, courts should affirm the Secretary even if it might have reached a different result. *Rodriguez Pagan v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987), *cert. denied*, 484 U.S. 1012 (1988); *Lizotte v. Sec'y of Health & Human Servs.*, 654 F.2d 127, 128 (1st Cir. 1981).

### B. Credibility Determination

Ms. Colon next asserts that the ALJ's finding that she was "not entirely credible" is not based on substantial evidence in the record. (ECF No. 7 at 14.) The Commissioner counters that the ALJ's credibility determination rested on evidentiary conflicts in the record. (ECF No. 9 at 19-20.) The Court upholds the Commissioner's final decision to deny Ms. Colon benefits because his decision contained sufficient reasoning to determine that he properly applied the law and demonstrated that it was based on substantial evidence in the record. In light of this decision, the Court need not reach the issue of Ms. Colon's credibility.

## IV. CONCLUSION

For the reasons stated, the Defendant's Motion to Affirm (ECF No. 9) is GRANTED and the Plaintiff's Motion to Reverse (ECF No. 7) is DENIED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

February 13, 2013